**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| REVIVE RX, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-cv-03731 |
| | § | |
| VALHALLA MSO, LLC and | § | |
| IRONSAIL PHARMA, LLC, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF**
**<u>MOTION TO DISMISS THE FIRST AMENDED COMPLAINT</u>**

**THOMPSON COBURN LLP**
488 Madison Avenue
New York, New York 10022
(212) 478-7200

*Attorneys for Defendants Valhalla*
*MSO, LLC and Ironsail Pharma, LLC*

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION AND SUMMARY OF THE ARGUMENT ............................ 1

II.   STATEMENT OF FACTS ................................................................................. 2

    A.    The Alleged Relationship ........................................................................ 2

    B.    Jurisdictional Allegations ........................................................................ 3

    C.    Claims for Relief ..................................................................................... 3

III.  PROCEDURAL HISTORY .............................................................................. 4

IV.   LEGAL STANDARD ....................................................................................... 4

    A.    Rule 12(b)(2): Lack of Personal Jurisdiction ......................................... 4

    B.    Rule 12(b)(3): Improper Venue ............................................................... 5

    C.    Rule 12(b)(6): Failure to State a Claim .................................................. 6

V.    ARGUMENT ..................................................................................................... 7

    A.    The Court Lacks Personal Jurisdiction Over Defendants .......................... 7

    B.    Venue Is Improper ................................................................................. 10

    C.    The FAC Fails to State a Claim .............................................................. 11

        1.    First Cause of Action: Sworn Account ...................................... 11

        2.    Second Cause of Action: Quantum Meruit ............................... 15

        3.    Third Cause of Action: Unjust Enrichment .............................. 17

VI.   CONCLUSION ............................................................................................... 19

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Arndt v. Nat'l Supply Co.*,
   633 S.W.2d 919, (Tex. App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.) ..........................13

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..........................................................................................................6, 11

*Assure re Intermediaries, Inc. v. W. Surplus Lines Agency, Inc.*,
   No. 1:20-CV-189-H, 2021 WL 2402485 (N.D. Tex. June 11, 2021).....................................17

*Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*,
   571 U.S. 49 (2013)...................................................................................................................5

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)..................................................................................................................6

*Bigham v. Envirocare of Utah, Inc.*,
   123 F. Supp. 2d 1046 (S.D. Tex. 2000) .................................................................................10

*Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*,
   582 U.S. 255 (2017)..................................................................................................................7

*Bullion v. Gillespie*,
   895 F.2d 213 (5th Cir. 1990) ...................................................................................................5

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985)................................................................................................................10

*Cardinal Health Sols. Inc. v. St. Joseph Hosp. of Port Charlotte Fla. Inc.*,
   314 F. App'x 744 (5th Cir. 2009) ........................................................................................8, 9

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014)..................................................................................................................5

*Delta Flex Partners, LLC v. Randolph Hosp., Inc.*,
   No. 3:24-CV-940-L, 2024 WL 5202763 (N.D. Tex. Dec. 23, 2024) .....................................18

*Doran Chevrolet-Peugeot, Inc. v. Ganschow*,
   701 S.W.2d 260 (Tex. App.—Dallas 1985, writ ref'd n.r.e.) .................................................16

*Elias v. Pilo*,
   781 Fed. Appx. 336 (5th Cir. 2019).................................................................................17, 18

*Emelike v. L-3 Commc'ns Corp.*,
    No. 3:12-cv-2470, 2013 WL 1890289 (N.D. Tex. May 7, 2013) ............................................10

*Fortune Prod. Co. v. Conoco, Inc.*,
    52 S.W.3d 671 (Tex. 2000) ...................................................................................15, 17, 18

*Gault v. Yamunaji, L.L.C.*,
    No. A-09-CA-078-SS, 2009 WL 10699952 (W.D. Tex. Apr. 17, 2009) ...............................10

*GE Betz Inc. v. Moffitt-Johnson*,
    301 F. Supp. 3d 668 (S.D. Tex. 2014) ...................................................................................17

*Gemstar Grp. USA, Inc. v. Ferragamo USA, Inc.*,
    No. CIV.A.H-08-1822, 2008 WL 4858363 (S.D. Tex. Nov. 10, 2008) ..................................7

*Hanson v. Denckla*,
    357 U.S. 235 (1958)). ............................................................................................................10

*Hollingsworth v. Nw. Nat. Ins. Co.*,
    522 S.W.2d 242 (Tex. Civ. App.—Texarkana 1975, no writ)................................................12

*Igene v. Sessions*,
    No. CV H-17-3143, 2018 WL 1582239 (S.D. Tex. Mar. 29, 2018)........................................5

*Int'l Shoe Co. v. Washington*,
    326 U.S. 310 (1945)................................................................................................................5

*Karna v. BP Corp. N. Am.*,
    11 F. Supp. 3d 809 (S.D. Tex. 2014), *aff'd*, 609 F. App'x 814 (5th Cir. 2015)................15, 17

*Latshaw v. Johnston*,
    167 F.3d 208 (5th Cir. 1999) ..................................................................................................5

*McFadin v. Gerber*,
    587 F.3d 753 (5th Cir. 2009) ...............................................................................................5, 7

*Moncrief Oil Int'l Inc. v. OAO Gazprom*,
    481 F.3d 309 (5th Cir. 2007) ..................................................................................................8

*Montoya v. FedEx Ground Package Sys., Inc.*,
    614 F.3d 145 (5th Cir. 2010) ..................................................................................................6

*Pension Advisory Grp., Ltd. v. Country Life Ins. Co.*,
    771 F. Supp. 2d 680 (S.D. Tex. 2011) ..............................................................................1, 8, 9

*Prods. Unlimited, Inc. v. Am. Radiator & Standard Sanitary Corp., Indus. Div*,
    397 S.W.2d 551 (Tex. Civ. App.—Tyler 1965, writ ref'd n.r.e).......................................12, 13

*R2 Invs. LDC v. Phillips*,
   401 F.3d 638 (5th Cir. 2005) ................................................................................6

*Richardson Hosp. Auth. v. Duru*,
   387 S.W.3d 109 (Tex. App.-Dallas 2012, no pet.) ..............................................17

*Scott v. Wollney*,
   No. 3:20-CV-2825-M-BH, 2021 WL 4202169 (N.D. Tex. Aug. 28, 2021),
   *report and recommendation adopted*, No. 3:20-CV-2825-M-BH, 2021 WL
   4197208 (N.D. Tex. Sept. 14, 2021).....................................................................11

*Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*,
   365 F.3d 353 (5th Cir. 2004)) ................................................................................6

*St. Michael's Ctr. for Special Surgery, Ltd. v. CIGNA Healthcare, Inc.*,
   No. CV H-10-0901, 2010 WL 11680369 (S.D. Tex. May 24, 2010) ....................13

*Steves Sash & Door Co. v. WBH Int'l*,
   575 S.W.2d 355 (Tex. Civ. App.—San Antonio 1978, no writ) .....................11, 14

*Tapjets Inc. v. Rosen*,
   No. CV H-19-227, 2019 WL 13413379 (S.D. Tex. June 26, 2019) (Hittner, J.) ..........4, 5, 7, 8

*Warrior Energy Services Corp. v. JC Fodale Energy Services, LLC*,
   No. 5:14-CV-911-DAE, 2015 WL 6690358 (W.D. Tex. Nov. 3, 2015) ................12

*Wesolek v. Pac. Hunt Energy Corp.*,
   No. CV H-20-2537, 2021 WL 3775635 (S.D. Tex. Aug. 10, 2021), *report and
   recommendation adopted*, No. CV H-20-2537, 2021 WL 3772407 (S.D. Tex.
   Aug. 25, 2021) ......................................................................................................15

**Statutes**

28 U.S.C. § 1391(b) ..........................................................................................................5

28 U.S.C. § 1391(b)(1) ...................................................................................................10

28 U.S.C. § 1391(b)(2) ...................................................................................................10

28 U.S.C § 1391(b)(3) .....................................................................................................11

28 U.S.C. § 1446(b) ..........................................................................................................4

**Other Authorities**

Fed. R. Civ. P. (6) .......................................................................................................1, 19

Fed. R. Civ. P. 12(b) .........................................................................................................5

Fed. R. Civ. P. 12(b)(2)..................................................................................... *passim*

Fed. R. Civ. P. 12(b)(3)...........................................................................1, 5, 19

Fed. R. Civ. P. 12(b)(6)..............................................................................6, 11

Fed. R. Civ. P. 15(a)(3).....................................................................................4

U.S. Const. amend. XIV ....................................................................................5

## I.      INTRODUCTION AND SUMMARY OF THE ARGUMENT

Defendants Valhalla MSO, LLC ("Valhalla") and Ironsail Pharma, LLC ("Ironsail") (collectively, "Defendants") respectfully submit this memorandum of law in support of their motion to dismiss Plaintiff Revive RX, LLC's ("Plaintiff" or "Revive") First Amended Complaint (the "FAC")[1] with prejudice under Rule 12(b)(2), (3), and (6) of the Federal Rules of Civil Procedure.  The FAC should be dismissed, as matter of law, for three reasons:

*First*, this Court lacks personal jurisdiction because Defendants are not Texas business entities, are not licensed to conduct business in Texas, do not have an office, employees, or bank account in Texas, and hold no property in Texas, nor does the FAC assert such jurisdictional allegations.  The sole basis for jurisdiction is that Defendants allegedly acted as an intermediary and helped negotiate and facilitate transactions as the agents of various medical practices that purchased prescription drugs from Plaintiff for their patients.  But the law is clear: "an agent [that] negotiates a contract for its principal in Texas" is not subject to personal jurisdiction" because the agent "has not done any act or consummated any transaction in Texas."[2]   Therefore, Defendants lack the minimum contacts necessary for the exercise of general or specific jurisdiction.

*Second*, venue in this district is improper because Defendants' alleged conduct either occurred outside Texas or was undertaken on behalf of the medical practices—not in Defendants' own right.

---

[1]  ECF No. 19.

[2]  *Pension Advisory Grp., Ltd. v. Country Life Ins. Co.*, 771 F. Supp. 2d 680, 694 (S.D. Tex. 2011) (quoting *Mort Keshin & Co. v. Houston Chron. Pub. Co.*, 992 S.W.2d 642, 647 (Tex. App. 1999)).

***Third***, even if jurisdiction and venue existed, the FAC fails to state a plausible claim for relief under any theory. Defendants are Management Services Organizations ("MSOs"), not licensed pharmacies or medical practices, and thus are not legally permitted to purchase or dispense prescriptions drugs. The FAC's claims rest on the faulty premise that Defendants are liable for any debt in connection with Plaintiff's sale of the prescriptions to the medical practices. To the contrary, as Plaintiff knew, Defendants merely provided administrative and technical services to licensed practices, acting as their agents pursuant to contractual arrangements. Under well-settled law, Plaintiff cannot be held liable as third party to the arrangement. Plaintiff's legal theories—sworn account, quantum meruit, and unjust enrichment—fail under these facts.

## II.    STATEMENT OF FACTS

### A.  The Alleged Relationship

Plaintiff, a Texas limited liability company with a principal place of business in Houston, Texas, is a mail-order compounding pharmacy that provides prescription medications to its customers.[3] Valhalla, a New York limited liability company, and Ironsail, a Wyoming limited liability company, each with a principal place of business in Queens, New York, provide administrative services and act as agents of medical practices and healthcare physicians, including, but not limited to, Rosanna Family Health Nurse Practitioner P.C. and Manidvipa Health, LLC (collectively, the "Practices").[4]

Because Defendants are not licensed medical practices, as Plaintiff knew, applicable law does not allow them to purchase prescription drugs. Instead, "***the Practices*** submitted

---

[3]  ECF No. 19 ¶¶ 2, 7.

[4]  *Id.* ¶¶ 2, 8–9.

orders to [Plaintiff] for generic and compounded medications to fill patient prescriptions," which "[Plaintiff] then compounded and mailed . . . directly to the patients."[5]  Under this arrangement, Plaintiff alleges that Defendants—not the Practices—were responsible for the prescription medications that Plaintiff compounded and shipped to the Practices' patients.[6]  As of June 2025, Plaintiff alleges that it was owed more than $1.5 million.

**B.  Jurisdictional Allegations**

Plaintiff alleges that personal jurisdiction exists over Defendants and venue is proper because Plaintiff is located in Houston, Texas, and Defendants negotiated the payment terms for prescription medications from Plaintiff on behalf of the Practices.[7]  Plaintiff also alleges that there is personal jurisdiction over Defendants because Plaintiff is "a Texas-based company that manufactures its products in Texas" and Defendant had purported "payment obligations" to Plaintiff based on the Practices' purchase of prescription drugs for their patients.[8]  Indeed, Plaintiff alleges that Defendants, through acting as agents of the Practices, conducted business in Texas and had minimum contacts with Texas sufficient to confer jurisdiction.[9]  The FAC contains no jurisdictional allegations concerning the Practices (or Defendants' relationship with the Practices).

**C.  Claims for Relief**

Plaintiff asserts three causes of action—(a) sworn account, (b) quantum meruit, and (c) unjust enrichment—each premised on the theory that Defendants are liable to pay for the

---

[5] *Id.* ¶ 4 (emphasis added).

[6] *Id.*

[7] *Id.* ¶ 11.

[8] *Id.*

[9] *Id.* ¶ 11–12.

medications and services, in excess of $1.5 million, that Plaintiff provided to the Practices and their patients.  Plaintiff also seeks to recover its attorneys' fees and costs from Defendants.

### III.    PROCEDURAL HISTORY

On July 14, 2025, Plaintiff filed its Original Petition in the 151st Judicial District Court of Harris County, Texas, as Cause No. 202548426.  According to the Returns of Service, Plaintiff served Defendants via personal delivery on their registered agents on July 17, 2025.

Defendants removed the case to this Court on August 11, 2025, under 28 U.S.C. § 1446(b), on the basis of diversity.[10]  On August 12, 2025, Defendants filed an Opposed Motion for Extension of Time to Respond to the Petition,[11] which the Court granted on August 18, 2025.[12]  Defendants timely filed their Motion to Dismiss Plaintiff's Original Petition on September 22, 2025.[13]

On October 13, 2025, Plaintiff filed the FAC.[14]  This motion to dismiss is timely under Rule 15(a)(3) of the Federal Rules of Civil Procedure.

### IV.    LEGAL STANDARD

#### A.  Rule 12(b)(2): Lack of Personal Jurisdiction

"The plaintiff bears the burden establishing that a district court has personal jurisdictional over a nonresident defendant."  *Tapjets Inc. v. Rosen*, No. CV H-19-227, 2019 WL 13413379, at *2 (S.D. Tex. June 26, 2019) (Hittner, J.).  A federal court sitting in diversity may exercise jurisdiction only if (1) the forum state's long-arm statute is satisfied and (2) the

---

[10] ECF No. 1.

[11] ECF No. 3.

[12] ECF No. 8.

[13] ECF No. 17.

[14] ECF No. 19.

exercise of jurisdiction comports with due process under the Fourteenth Amendment to the U.S. Constitution.  *Id.*; *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999).  Because "[t]he Texas long-arm statute has been interpreted as extending to the limits of due process," the "jurisdictional analysis is collapsed into one inquiry as to whether jurisdiction comports with federal due process."  *Tapjets Inc.*, 2019 WL 13413379, at *2 (citing *Bullion v. Gillespie*, 895 F.2d 213, 215 (5th Cir. 1990)).

Due process requires that the defendant have such "minimum contacts" with the forum state that the exercise of jurisdiction not offend "traditional notions of fair play and substantial justice."  *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).  A court may exercise general jurisdiction where the defendant's contacts with the forum state are "so continuous and systematic as to render it essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014).  A court may exercise specific jurisdiction where contacts are less pervasive if the suit is related to the defendant's contacts with the forum state.  *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009).

**B.  Rule 12(b)(3): Improper Venue**

Under 28 U.S.C. § 1391(b), venue is only proper in a district where (1) a defendant resides if all defendants are residents of the forum state; (2) a substantial part of the events or omissions giving rise to the claim occurred; or (3) if neither of the above applies, a defendant is subject to personal jurisdiction.  28 U.S.C. § 1391(b)(1)–(3).  Federal Rule of Civil Procedure 12(b) authorizes dismissal "when venue is 'wrong' or 'improper.'"  *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 55 (2013).  "When a defendant raises improper venue, the plaintiff has the burden to prove that the chosen venue is proper." *Igene v. Sessions*, No. CV H-17-3143, 2018 WL 1582239, at *1 (S.D. Tex. Mar. 29, 2018).

**C.  <u>Rule 12(b)(6): Failure to State a Claim</u>**

The court must dismiss a complaint that fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion, the complaint must allege facts sufficient "to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Although well-pleaded facts will be accepted as true, the court "will not strain to find inferences favorable to the plaintiff[]" and "will not accept 'conclusory allegations, unwarranted deductions, or legal conclusions.'"  *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).  Absent "further factual enhancement," "naked assertion[s]" will not salvage a complaint that is otherwise subject to dismissal.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  The Supreme Court has stated that "only a complaint that states a plausible claim for relief survives a motion to dismiss," which involves "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679.  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Iqbal*, 556 U.S.at 663).  The plausibility standard requires more than a "possibility" that the defendant acted unlawfully."  *Twombly*, 550 U.S. at 557–58.  The court may dismiss a claim where the facts alleged do not support a cognizable legal theory or the allegations affirmatively negate the claim.  *See R2 Invs. LDC*, 401 F.3d at 642.

## V.    ARGUMENT

### A.    The Court Lacks Personal Jurisdiction Over Defendants

As alleged in the FAC, Valhalla is a New York limited liability company, and Ironsail is a Wyoming limited liability company, [15] and neither entity is a Texas citizen or has a Texas office.[16] Because there is no serious dispute that there is no general jurisdiction over Defendants, the sole question is whether there is specific jurisdiction. As explained below, it does not.

The inquiry for specific jurisdiction is whether Plaintiff's claims arise out of Defendants' forum-related contacts. *Tapjets Inc.*, 2019 WL 13413379, at *2. "Specific jurisdiction is a claim-specific inquiry." *McFadin*, 587 F.3d at 759. A "defendant's general connections with the forum are not enough" to be "'amenable to suits unrelated to that activity.'" *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 582 U.S. 255, 264 (2017) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 927 (2011)).

Here, Defendants' connection to Texas is attenuated, at best. They are not registered to conduct business in Texas, maintain no offices, employees, or bank accounts in Texas, and do not own property in Texas, and no such facts are alleged. *See Gemstar Grp. USA, Inc. v. Ferragamo USA, Inc.*, No. CIV.A.H-08-1822, 2008 WL 4858363, at *11 (S.D. Tex. Nov. 10, 2008) (granting dismissal based on lack of jurisdiction). According to the jurisdictional allegations in the FAC, Defendants, on behalf of the Practices, negotiated purchase terms with Revive for prescription drugs that the Practices ordered and had delivered to their patients.[17] But the law is clear that these allegations are insufficient

---

[15] ECF No. 19 ¶¶ 8–9.

[16] *Id.* ¶¶ 8–12.

[17] *See id.* ¶ 11.

minimum contacts to confer jurisdiction: ***"[W]hen an agent negotiates a contract for its principal in Texas, it is the principal who does business in this state, not the agent.  Moreover, because the agent has not entered into a contract and has not done any business in Texas, he has not done any act or consummated any transaction in Texas."*** *Pension Advisory Grp., Ltd.*, 771 F. Supp. 2d at 694 (emphasis added) (quoting *Mort Keshin & Co.*, 992 S.W.2d at 647).   Additionally, the Southern District of Texas previously found that phone calls and emails are alone insufficient to confer jurisdiction.  *Tapjets Inc.*, 2019 WL 13413379, at *2.

In fact, Plaintiff's allegations here are even more attenuated than the allegations in *Cardinal Health Sols. Inc. v. St. Joseph Hosp. of Port Charlotte Fla. Inc.* that failed to establish jurisdiction.  314 F. App'x 744, 745 (5th Cir. 2009).  In *Cardinal Health*, the Fifth Circuit affirmed this Court's decision to dismiss a pharmacy service provider's breach of contract claim against a hospital, based on lack of personal jurisdiction.  The plaintiff "assert[ed] that specific jurisdiction existed because (1) the defendant hospital negotiated and agreed to a contract with a Texas corporation; (2) the hospital knew that Cardinal was a Texas citizen; (3) the contract created long-term obligations and required Cardinal to at least partially perform in Texas; and (4) the hospital breached its obligation to pay invoices that were generated in Texas."  The court rejected plaintiff's arguments and explained that "[m]erely contracting with a resident of Texas is insufficient to establish the minimum contacts necessary for personal jurisdiction."  *Id.* (citing *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 312 (5th Cir. 2007)).  Moreover, "[a]n exchange of communications in the course of developing and carrying out a contract also does not, by itself, constitute the required purposeful availment of the benefits and protections of Texas law."  *Moncrief Oil*, 481 F.3d at 312.

Here, the FAC does not even allege that there was a contractual relationship between Plaintiff and Defendants.   As Plaintiff admits, ***the Practices*** purchased the prescriptions from Plaintiff, which were then "manufactured . . . and mailed . . . to ***the Practices' patients***."[18]  Defendants merely acted as the Practices' agents under a separate contractual arrangement to which Plaintiff was not a party, and Defendants negotiated with Plaintiff on behalf of the Practices in connection with the Practices' purchase of prescription drugs from Plaintiff.   There has never been any confusion that the Practices bought the prescriptions.   And Plaintiff was aware that Defendants were acting as the Practices' agents when negotiating prices, quantities, and other matters on behalf of the Practices.   As noted, "an agent [that] negotiates a contract for its principal in Texas" is not subject to personal jurisdiction" because the agent "has not done any act or consummated any transaction in Texas." *Pension Advisory Grp., Ltd.*, 771 F. Supp. 2d at 694 (quoting *Mort Keshin & Co.*, 992 S.W.2d at 647).   Defendants' communication with the Plaintiff from Texas during these negotiations on behalf of the Practices is "merely fortuitous and attenuated facts that do not show that [Defendants] purposefully directed [their] actions toward Texas." *Cardinal Health*, 314 F. App'x at 745 (holding that communications relating to the development or performance of a contract are insufficient to establish the minimum contacts necessary to exercise personal jurisdiction over a defendant).

It is also worth noting that the Practices are not located in the forum state, nor is there any such allegation in the FAC, and "the unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact

---

[18] ECF No. 19 ¶ 20 (emphasis added).

with the forum State." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

Therefore, the Court should dismiss the FAC under Rule 12(b)(2) because there is no personal jurisdiction over Defendants.

## B.  Venue Is Improper

Venue in this district is improper for at least three reasons.  First, the FAC does not allege that Defendants reside in Texas (they do not).  *See* 28 U.S.C. § 1391(b)(1).

Second, the events and omissions alleged in the FAC relate to the non-party Practices' purchase of prescriptions from Plaintiff, and the purported failure of those non-party Practices to pay Plaintiff occurred outside the forum state as the Practices (and Defendants) do not reside in Texas.  *See id.* § 1391(b)(2).  "Actions taken by a plaintiff do not support venue." *Bigham v. Envirocare of Utah, Inc.*, 123 F. Supp. 2d 1046, 1048 (S.D. Tex. 2000).  In determining whether venue is proper under § 1391(b)(2), courts "look[] to the ***defendant's conduct***, and where that conduct took place, rather than focusing on the activities of the plaintiff" or a non-party.  *Gault v. Yamunaji, L.L.C.*, No. A-09-CA-078-SS, 2009 WL 10699952, at *5 (W.D. Tex. Apr. 17, 2009) (emphasis added).  Although the FAC alleges that Plaintiff was headquartered in this district, operated in this district, and issued invoices from this district, it is not Plaintiff's activities that determine venue.  Moreover, while "the chosen venue does not have to be the place where the most relevant events took place, . . . the contacts with the selected district must be substantial," unlike here.  *Emelike v. L-3 Commc'ns Corp.*, No. 3:12-cv-2470, 2013 WL 1890289, at *3 (N.D. Tex. May 7, 2013).  The FAC's allegation that Defendants "emailed with Revive's accounting team" falls short.  *See Gault*, 2009 WL 10699952, at *5 (finding that phone calls between the parties did not support venue;"[t]he

proper inquiry [was] whether a substantial portion of the acts or omissions ***giving rise to the***

***claim*** took place in the [disputed district], not whether any acts at all took place there"). The

FAC's legal conclusions that Defendants are liable for the alleged debt are factually

unsupported, meritless, and insufficient to place venue in this district.

Third, Defendants are not subject to personal jurisdiction in any district in Texas, as

explained above. *See id.* § 1391(b)(3). The FAC should accordingly be dismissed under Rule

12(b)(2) for improper venue.

## C.  The FAC Fails to State a Claim

To survive dismissal, the FAC must allege facts (as opposed to conclusions) that make

each cause of action facially plausible. *Iqbal*, 556 U.S. at 678–79. All three of Plaintiff's

claims fail because it admits that Defendants never purchased the prescriptions (nor could

they). Accordingly, and as explained below, the FAC should be dismissed under Rule 12(b)(6)

because the claims asserted are legally insufficient.

### 1.  First Cause of Action: Sworn Account

Under Texas law, "[w]here the cause of action is a suit on a sworn account, such

plaintiff must plead and prove (1) the specific character and number of the goods involved;

(2) the sale of each item and the amount and date thereof; (3) the terms and conditions of

the various sales; (4) the date of delivery of each item; (5) the justness of the account, that is,

that the prices charged were in accordance with the agreement of the parties or were the

reasonable and customary charges for such goods; and (6) the amount due and unpaid."

*Steves Sash & Door Co. v. WBH Int'l*, 575 S.W.2d 355, 356 (Tex. Civ. App. 1978, no writ).

Further, as a matter of law, a "cause of action [on a sworn account] is not applicable

to third parties or guarantors of the account." *Scott v. Wollney*, No. 3:20-CV-2825-M-BH, 2021

WL 4202169, at *12 (N.D. Tex. Aug. 28, 2021), *report and recommendation adopted*, No. 3:20-CV-2825-M-BH, 2021 WL 4197208 (N.D. Tex. Sept. 14, 2021) ("Although Plaintiff provides invoices detailing his legal services and amounts owed and unpaid for those services, they objectively show that he provided those legal services for GIC, not Defendant.") (citing *Evans Advert. Agency, Inc. v. Morphew*, 525 S.W.2d 56, 58 (Tex. Civ. App.—Tyler 1975, no writ) ("A suit on a sworn account . . . does not apply to or cover transactions between parties who were strangers to the transaction.")); *see Hollingsworth v. Nw. Nat. Ins. Co.*, 522 S.W.2d 242, 245 (Tex. Civ. App.—Texarkana 1975, no writ) ("[A]ction on sworn account presupposes a contract between the debtor and creditor.").  This is because "[a] suit on a sworn account 'applies only to transactions between persons, in which there is a sale upon one side and a purchase upon the other, ***whereby title to personal property passes from one to the other***, and the relation of debtor and creditor is thereby created by general course of dealing.'".  *Warrior Energy Services Corp. v. JC Fodale Energy Services, LLC*, No. 5:14-CV-911-DAE, 2015 WL 6690358, at *4 (W.D. Tex. Nov. 3, 2015) (emphasis added).  Here, Plaintiff admits that Defendants did not—and could not lawfully—take title to the prescription drugs that Plaintiff compounded.  Instead, the drugs were shipped to patients of the Practices.

In *Prods. Unlimited, Inc. v. Am. Radiator & Standard Sanitary Corp., Indus. Div.*, the appellate court held that "the trial court could not render a valid summary judgment . . . based upon the verified account where there was a verified denial of the account, and that [a]s the record shows, without dispute, ***that appellant was not sued as the purchaser of the property from appellee, but is sued only as a guarantor of the debt***."  397 S.W.2d 551, 552 (Tex. Civ. App.—Tyler 1965, writ ref'd n.r.e.) (emphasis added).

Likewise, in *Arndt v. Nat'l Supply Co.*, the appellate court held that the appellant-guarantor "was not and could not have been sued and held liable on the account. ***The mere allegations that the goods were sold to and delivered to defendants would not support a sworn account suit . . . against [the guarantor] . . . .*"** 633 S.W.2d 919, 921 (Tex. App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.) (emphasis added).

Similarly, in *St. Michael's Ctr. for Special Surgery, Ltd. v. CIGNA Healthcare, Inc.*, Judge Sim Lake dismissed a sworn account claim where the pleading did not sufficiently allege that the services were provided for the defendant and there was no underling agreement:

> Plaintiff's allegations that it 'rendered services upon a patients account and the amount is usual, customary and reasonable,' are insufficient to state a claim on a sworn account because even if plaintiff can prove these allegations, since plaintiff alleges that the medical services for which it seeks payment were provided to patients insured by the defendants, not to the defendants, absent allegation of facts capable of proving that plaintiff performed the medical services at issue for the defendants, plaintiff's claim on an account is subject to dismissal for failure to state a claim for which relief may be granted."

No. CV H-10-0901, 2010 WL 11680369, at *10 (S.D. Tex. May 24, 2010).

Here, just like in *Prods. Unlimited*, *Arndt*, and *St. Michael's Ctr. for Special Surgery*, Plaintiff cannot maintain its cause of action on sworn account against Defendants because Defendants did not (and legally could not) purchase the prescriptions drugs from Plaintiff. Defendants negotiated the purchase terms for the Practices, but the Practices placed the orders, and Plaintiff admits it knew of the agency relationship between Defendants and the Practices. Plaintiffs' FAC expressly acknowledges that Defendants were not the purchasers of the prescription medications at issue and that Plaintiff, at all relevant times, knew Defendants merely acted as agents of the disclosed medical Practices for which Revive compounded pharmaceuticals. *See, e.g.*, ECF No. 19 ¶ 19 ("Defendants setup 'provider portals' for each of Defendants' clients. Subsequently, the Practices registered on Valhalla's or

Ironsail's platform submitted orders to Revive through their portal under Defendants' account for medications and/or other products necessary to fill patients' prescriptions"); *id.* ¶ 30 ("Revive, in its usual course of business, sold through Defendants' account and ***delivered for Defendants' clients*** one or more items of goods or services . . . ." (emphasis added)); *see also id.* ¶ 36 ("Revive did not have express contracts with Defendants . . . .").

Additionally, the FAC fails to allege many of the mandatory facts to state a claim for sworn account. There is absolutely no detail concerning the "specific character and number of the goods involved." *Steves Sash & Door Co.*, 575 S.W.2d at 356. The FAC merely states in vague terms that Plaintiff sold prescriptions to the Practices, which Defendants negotiated on their behalf. The so-called "account" in Exhibit A to the FAC also contains no information under the "Transaction Date" category, even though dates of sale and delivery must be pleaded to sufficiently state the cause of action.[19] *See Steves Sash & Door Co.*, 575 S.W.2d at 356–57 ("The exhibits attached to plaintiff's FAC, including the ledger sheets and invoices, are not sufficient to establish that the systematic record required by Rule 185 has been kept so as to constitute *prima facie* evidence of the debt. Tex. R. Civ. P. The account, ledger sheets, and invoices fail to show with reasonable certainty the nature of each item, the date and the charge therefor.").

The FAC also lacks any detail concerning the purported "terms and conditions of the various sales"—presumably, because there were none, as Plaintiff admittedly sold the prescriptions to the Practices, not Defendants. *Id.* at 356. And the declaration of Plaintiff's Chief Financial Officer, Sanjay Jajoo, attached to the FAC, is no more specific.[20] Instead,

---

[19] ECF No. 19, Ex. A.

[20] ECF No. 19 (Verification).

the FAC simply draws the legal conclusion, absent any supporting facts, that "Defendants were directly liable for each order submitted by the Practices."[21]  This is insufficient.

Therefore, Defendants cannot be held liable as a third party to the purchase-and-sale arrangement between Plaintiff and the Practices.

2.  <u>**Second Cause of Action: Quantum Meruit**</u>

In Texas, "[t]o recover under a quantum-meruit claim, a claimant must prove that: (1) valuable services were rendered or materials furnished; (2) *for the person sought to be charged*; (3) *those services and materials were accepted by the person sought to be charged, and were used and enjoyed by that person*; and (4) the person sought to be charged was reasonably notified that the plaintiff performing such services or furnishing such materials was expecting to be paid by the person sought to be charged."  *Wesolek v. Pac. Hunt Energy Corp.*, No. CV H-20-2537, 2021 WL 3775635, at *5 (S.D. Tex. Aug. 10, 2021), *report and recommendation adopted*, No. CV H-20-2537, 2021 WL 3772407 (S.D. Tex. Aug. 25, 2021) (quoting *Hill v. Shamoun & Norman, LLP*, 544 S.W.3d 724, 732 (Tex. 2018)).  However, "there can be no recovery under a quasi-contract theory" when a valid contract "covers the subject matter of the parties' dispute."  *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000).  "This rule not only applies when a plaintiff is seeking to recover in quantum meruit from the party with whom he expressly contracted, but also when a plaintiff is seeking to recover 'from a third party foreign to the original [contract] but who benefited from its performance.'"  *Karna v. BP Corp. N. Am.*, 11 F. Supp. 3d 809, 819 (S.D. Tex. 2014), *aff'd*, 609 F. App'x 814 (5th Cir. 2015) (quoting *Pepi Corp. v. Galliford*, 254 S.W.3d 457, 462 (Tex. App. 2007)).

---

[21] *Id.* ¶ 21.

Here, the FAC alleges that Plaintiff is entitled to recover a debt for prescription drugs that it sold to the Practices in connection with purchase orders that the Practices submitted, which would have created a valid contractual relationship between Plaintiff and the Practices—but not Plaintiff and Defendants.  "It is well established that an agent who acts on behalf of a disclosed principal is not liable to the third party for any breach of contract by the principal." *Doran Chevrolet-Peugeot, Inc. v. Ganschow*, 701 S.W.2d 260, 261 (Tex. App.—Dallas 1985, writ ref'd n.r.e.).  The same principle must be true for quasi-contractual theories. There is no dispute that "Defendants setup 'provider portals' for each of Defendants' clients[,] . . . the Practices registered on Valhalla's or Ironsail's platform [to] submit[] orders to Revive through their portal under Defendants' account for medications and/or other products necessary to fill patients' prescriptions . . . [and] Revive, in its usual course of business, sold through Defendants' account and ***delivered for Defendants' clients*** [the medications]. . . "[22]  At all times relevant, Plaintiff *knew* it was selling prescription medication to *the Practices* and delivering them to *the Practices' patients*.  It is of no consequence that Plaintiff suspected Defendants—through their agency relationship with the Practices— received remuneration on account of their relationship with the Practices.  Nor does it matter that the orders that "[Plaintiff] manufactured and shipped" were allegedly received through Defendants' accounts.[23]  Because Defendants did not place any orders for their own use or receive or take title to any goods, even according to the allegations in the FAC,

---

[22] ECF No. 19 ¶¶ 19, 30, 36 (emphasis added).

[23] *Id.* ¶ 36.

Plaintiff cannot state a quantum meruit claim as a matter of law.[24]  *See Fortune Prod. Co.*,
52 S.W.3d at 684; *Karna*, 11 F. Supp. 3d at 819.

### 3.  <u>Third Cause of Action: Unjust Enrichment</u>

In Texas, "[u]njust enrichment is not a distinct independent cause of action, but a
theory of recovery."  *GE Betz Inc. v. Moffitt-Johnson*, 301 F. Supp. 3d 668, 699 (S.D. Tex. 2014)
(quoting *RDG Ltd. P'ship v. Gexa Corp.*, No. 14-04-00679-CV, 2005 WL 949171, at *3 (Tex.
App.—Houston [14th Dist.] Apr. 26, 2005, no pet.)); *Assure re Intermediaries, Inc. v. W. Surplus
Lines Agency, Inc.*, No. 1:20-CV-189-H, 2021 WL 2402485, at *7 (N.D. Tex. June 11, 2021)
("The vast majority of courts in this district have 'held that Texas law does not confer an
independent cause of action for unjust enrichment.') (internal quotation omitted); *see
Richardson Hosp. Auth. v. Duru*, 387 S.W.3d 109, 114 (Tex. App.—Dallas 2012, no pet.) ("This
Court has held that unjust enrichment is not an independent cause of action.").  Plaintiff's
unjust enrichment claim should thus be dismissed on that ground alone.

While Plaintiff cites the Fifth Circuit's unpublished opinion in *Elias v. Pilo* to support
its assertion that unjust enrichment is an independent cause of action, the court never
reached that conclusion, instead "assum[ing]" that the unjust enrichment claim may be
treated as such for the purpose of analyzing the merits and, ultimately, affirming its
dismissal.  781 Fed. Appx. 336, 338 (5th Cir. 2019).  In fact, the Fifth Circuit expressly
acknowledged that numerous Texas courts do not recognize unjust enrichment as an
independent cause of action.  *Id.* at 338 n.3.  The *Elias* court also acknowledged that "[a]
party may recover under the unjust enrichment theory when one person has obtained a

---

[24]  *See* [id.](#) ¶ 30.

17

benefit from another by fraud, duress, or the taking of an undue advantage." *Id.* at 338 (quoting *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992)).

Here, the FAC fails to assert any such fraud or other allegations, and therefore, Plaintiff's unjust enrichment claim must be dismissed even if this Court finds that unjust enrichment is a recognized cause of action under Texas law. Even then, however, Plaintiff has only alleged that "Defendants took undue advantage by accepting the benefit of [Plaintiff's] products and services then refusing to pay the outstanding debt to Revive."[25] Plaintiff's bald assertions are insufficient. *Delta Flex Partners, LLC v. Randolph Hosp., Inc.*, No. 3:24-CV-940-L, 2024 WL 5202763, at *3 (N.D. Tex. Dec. 23, 2024) ("Plaintiff has not sufficiently alleged facts from which the court can reasonably infer that Defendant received a benefit from it by fraud, duress, or taking of undue advantage. In its Complaint, Plaintiff alleges that 'Defendant obtained the benefit of receiving services from Plaintiff. Defendant never paid for these services. The benefit received by Defendant was obtained by the taking of an undue advantage.' . . . These statements are conclusory and do not allege sufficient facts from which the court may reasonably infer that Defendant obtained a benefit from Plaintiff by fraud, duress, or taking of undue advantage."). Nevertheless, Plaintiff's unjust enrichment claim is still barred—just like the quantum meruit claim—because the contractual relationship between Plaintiff and the Practices "covers the subject matter of the parties' dispute." *Fortune Prod. Co.*, 52 S.W.3d at 684. Plaintiff cannot seek payment for the same alleged debt from Defendants.

---

[25] ECF No. 19 ¶ 46.

## VI.    <u>CONCLUSION</u>

For these reasons, the Court should respectfully grant Defendants' motion to dismiss the FAC with prejudice under Rule 12(b)(2), (3), and (6).

Respectfully submitted,

By: <u>*/s/ Joseph V. De Santis*</u>
    Joseph V. De Santis

Alexander J. Pennetti
State Bar No. 24110208
apennetti@thompsoncoburn.com
**THOMPSON COBURN LLP**
2100 Ross Avenue, Suite 3200
Dallas, Texas 75201
Tel: (972) 629-7100
Fax: (972) 629-7171

Joseph V. De Santis
jdesantis@thompsoncoburn.com
**THOMPSON COBURN LLP**
488 Madison Avenue
New York, New York 10022
Tel: (212) 478-7200
Fax: (212) 478-7400

*Attorneys for Defendants Valhalla*
*MSO, LLC and Ironsail Pharma, LLC*

19